USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
MARCO TULIO TUY GUIT, et al.,          :
                 Plaintiff,            :     16 Civ. 7466 (HBP)
      -against-                        :     OPINION
                                             AND ORDER
38 WATER & STREET INC., d/b/a          :
"Obao," et al.,
                                       :
                 Defendants.
                                       :
---------------------------------------X

    PITMAN, United States Magistrate Judge:

    On March 13, 2019, I presided over a settlement conference in this matter that was attended by the parties and their counsel. The parties reached a settlement at that conference. This matter is now before me on the parties' joint application to approve their settlement. All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

    Plaintiffs allege that they were employed as delivery workers at a restaurant operated by defendants. They bring this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et al., and the New York Labor Law (the "NYLL"), primarily seeking recovery for allegedly unpaid overtime premium pay. Plaintiffs claim that they frequently worked more than 40 hours per week but did not receive overtime premium pay at the rate of 150% of their regularly hourly rate. Defendants admit that

plaintiffs are owed some additional compensation for overtime work but claim that the amount actually owed is far less than that claimed by plaintiffs. Plaintiff Guit claims that he is owed $30,251.06 in unpaid overtime wages; plaintiff Lopez claims that he is owed $22,055.59 in unpaid overtime wages. Plaintiffs also seek an award of liquidated damages which would result in a doubling of their unpaid overtime claims. Plaintiffs also assert claims based on defendants' alleged failure to provide wage statements and wage notices as required by the NYLL.

Defendants paid plaintiffs off the books and have time records for only one of the plaintiffs.

Following a protracted discussion at the settlement conference of the strengths and weaknesses of the parties' respective positions, the parties agreed to resolve the dispute for the total amount of $47,500.00 to be paid as follows: $15,000.00 is to be paid upon my issuance of an Order approving the parties' settlement and four equal installments of $8,125.00 are to be paid 30, 60, 90 and 120 days after the issuance of the approval Order. The parties also agreed that approximately one-third of this amount will be paid to plaintiffs' counsel as a fee.

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376 at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed

2

> settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). With one exception, the settlement here satisfies these criteria.

Although the settlement amount represents a modest percentage of plaintiffs' total claimed damages, this fact does

3

not render the settlement unreasonable. Although both sides' credibility can be impeached by their interests in the outcome of any trial, plaintiffs have no evidence corroborating their claims and they would bear the burden of proof at trial. As discussed in more detail below, given the risks at a trial and the risks of collection, the settlement amount is reasonable.

Second, the settlement will entirely avoid the expense and aggravation of litigation. As noted above, defendants dispute the amounts claimed by plaintiffs, and they have some documentary evidence with respect to at least one of the plaintiffs. A trial would likely require depositions of the parties to explore plaintiffs' claims and the accuracy of defendants' records. The settlement avoids the necessity of conducting these depositions.

Third, the settlement will enable plaintiffs to avoid the risk of litigation and the risk of collection. To prevail at trial, plaintiffs will bear the burden of proving the number of hours each worked, in the face of records contradicting the claims of one of the plaintiffs. Given the facial regularity of defendants' records, there is a non-trivial risk that a fact finder may not credit plaintiffs' testimony. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement]

is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

The settlement also minimizes the risk that plaintiffs may not be able to collect a larger judgment. Defendants' restaurant is a small establishment and defendants claim that they are barely an economically viable business. The settlement, which is enforceable thrugh confessions of judgment against the individual defendants, minimizes the risk of collection. See Lliguichuzhca v. Cinema 60, LLC, supra, 948 F. Supp. 2d at 365 (collecting cases) ("Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable.").

Fourth, because I presided over the settlement conference and the settlement number was suggested by me as a mediator's proposal, I know that the settlement is the product of

arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The material terms of the settlement were reached at a judicially-supervised settlement conference. This fact further negates the possibility of fraud or collusion.

Plaintiffs have agreed to execute a release in favor of defendants, limited to claims relating specifically to the claims in this litigation. This precise language has been found to comply with the general prohibition against general releases in FLSA cases. Montenegro v. NMN Food LLC, 18 Civ. 3153 (RA), 2018 WL 6618372 at *2 (S.D.N.Y. Dec. 18, 2018) (Abrams, D.J.); Rosario v. MCS Props. LLC, 17 Civ. 5573 (RA), 2018 WL 6538183 at *1 (S.D.N.Y. Nov. 20, 2018) (Abrams, D.J.).

The sole objectionable aspect of the settlement is that it does not set out how the settlement proceeds will be distributed. Plaintiff Guit's unpaid overtime claim makes up 57.83 % of the total unpaid overtime claim, while plaintiff Lopez's claim makes up 42.17% of the unpaid overtime. Unless there is good reason to do otherwise, the amount received by each plaintiff should be equal to that plaintiff's pro rata share of the total settlement amount. In its current form, the settlement agreement contains no terms explaining how the settlement funds

will be allocated between the plaintiffs. Thus, I have no way of assessing whether that allocation is reasonable or not.

Finally, the settlement agreement provides that plaintiffs' counsel will receive slightly less than one-third of the total settlement amount -- $15,675.00 -- as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL

6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Although I cannot approve the settlement as it currently stands, I am willing to do so if the parties agree to either an amended settlement agreement or an amendment to the settlement agreement that allocates the settlement proceeds between the plaintiffs on a reasonable basis. Plaintiffs' counsel is to advise me no later than August 21, 2019 whether they can provide such an amendment.

Dated: New York, New York
       August 7, 2019

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel