```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
MARCO TULIO TUY GUIT, et al.,          :
                    Plaintiffs,        :   16 Civ. 7466 (HBP)
      -against-                        :   OPINION
                                           AND ORDER
38 WATER & STREET INC., d/b/a          :
"Obao," et al.,
                                       :
                    Defendants.
                                       :
-------------------------------------X
```

PITMAN, United States Magistrate Judge:

By an Opinion and Order dated August 7, 2019, I reviewed the proposed settlement in this action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.; I found that, although the proposed settlement was generally fair and reasonable, I could not approve it because it did not explain how the settlement proceeds -- which total $47,500.00 -- would be allocated between the two plaintiffs. My Order directed the parties make a supplemental submission clarifying this issue.

Plaintiffs' counsel has now made a supplemental submission explaining that the settlement proceeds will be allocated as follows:

|  | Allocable Share | Percent of Gross Settlement | Percent of Net Settlement[1] | Pro Rata Share of Damages |
|---|---|---|---|---|
| Plaintiff Guit: | $14,956.06 | 31.5% | 47.7% | 57.8% |
| Plaintiff Lopez: | $16,400.58 | 34.5% | 52.3% | 42.2 |
| Attorneys' Fees and Costs | $16,143.36 | 34.0% | | |
| **TOTAL** | **$47,500.00** | | | |

Unfortunately, I am still not able to approve the settlement because it does not allocate the settlement proceeds in a reasonable manner. Although plaintiff Guit's claim for unpaid overtime premium pay represents 57.8% of the plaintiffs' total claim for unpaid overtime pay, he is receiving only 47.7% of the net settlement amount while plaintiff Lopez, whose unpaid overtime claim represents 42.2% of the total claim for unpaid overtime pay, is receiving 52.3% of the net settlement amount. In other words, Guit is receiving 10% less than his pro rata share, and Lopez is receiving 10% more than his pro rata share. Although there may be circumstances that justify this disproportionate allocation, plaintiffs offer none.

Because the proposed settlement allocates the settlement proceeds in a disproportionate manner, I cannot approve it on the record before me. No later than August 30, 2019, plaintiffs' counsel is either to submit a revised settlement agreement

---

[1]The net settlement is the amount of settlement proceeds remaining after the deduction of attorney's fees and costs.

2

that allocates the settlement proceeds in a reasonable manner or provide an explanation that justifies the present allocation.

Dated:  New York, New York
        August 19, 2019

                                    SO ORDERED

                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies transmitted to:

All Counsel